BEVELYN REALTY CORPORATION, Respondent, *v.* BROOKLYN CONST. Co., INC., and Another, Appellants, and Others, Defendants.

Supreme Court, Appellate Term, Second Department, March Term, 1930.

*Maud Haas,* for the appellant.

*Abraham J. Halprin,* for the respondent.

PER CURIAM. Judgment and order unanimously reversed upon the law, with costs to appellants, and motion for summary judgment denied, with ten dollars costs.

The moving papers do not comply with rule 113 of the Rules of Civil Practice. They do not state the belief of any one having knowledge of the facts that there is no defense to the action. Furthermore, the opposing affidavit sets forth facts which, if true, would establish that there was a failure of consideration for the note. Of course this would be no defense against a holder in due course. But it cannot be said as a matter of law upon this record that the trust company which discounted the note for the payee

was a holder in due course. Ordinarily a holder may rely upon the presumption given by section 98 of the Negotiable Instruments Law, but not where there is proof to the contrary. Here it is shown that the trust company gave " credit." From this the trier of the fact might find that it actually paid nothing to the payee when it discounted the note, but merely credited his account with the amount. Doing that is not the giving of value such as to make the trust company a holder in due course under the provisions of the Negotiable Instruments Law. (*Albany County Bank* v. *People's Co-operative Ice Co., No. 1*, 92 App. Div. 47; *Merchants National Bank of St. Paul* v. *Santa Maria Sugar Co.*, 162 id. 248, 252; *Citizens' State Bank* v. *Cowles*, 180 N. Y. 346.) The plaintiff took the note after it was overdue and had been dishonored. It, therefore, did not become a holder in due course. Section 97 of the Negotiable Instruments Law is only applicable where the negotiable instrument is taken from a holder in due course. Upon this record the defendants have a defense which they may establish against the plaintiff.

All concur; present, CROPSEY, MACCRATE and LEWIS, JJ.